IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edward Gilmore,<br><br>    Petitioner,<br><br>vs.<br><br>Franco, et al.,<br><br>    Respondents. | No. CV 06-2725-PHX-FJM (JCG)<br><br>**REPORT & RECOMMENDATION** |

Petitioner, James Edward Gilmore, who is presently confined in the Cocopah Unit of the Arizona State Prison Complex in Yuma, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. No. 10.) The Magistrate Judge recommends that the District Court deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 11, 2004, in Maricopa County Superior Court, Petitioner pleaded guilty to one count of theft of means of transportation and one count of possession of burglary tools. (Answer, Ex. F.) In his plea, Petitioner acknowledged the existence of a prior felony conviction for possession of dangerous drugs. (*Id*.) On May 31, 2004, Petitioner was sentenced to an aggravated, 8-year term of imprisonment on Count 1, with credit for 163

1  days of presentence incarceration. (Answer, Ex. G.) On Count 2, the trial court sentenced
2  Petitioner to an aggravated, concurrent 2.25-year term of imprisonment. (*Id*.) In imposing
3  an aggravated sentence, the sentencing court relied on its finding, admitted in Petitioner's
4  plea agreement, that Petitioner had a prior felony conviction. (*Id*.)

5  On June 14, 2004, Petitioner filed a notice of post-conviction relief pursuant to Rule
6  32, Ariz. R. Crim. P. ("Rule 32 petition"). (Answer, Ex. H.) On November 1, 2004,
7  Petitioner filed his Petition for Post-Conviction Relief in which he raised two claims: (1) his
8  sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), because the trial court
9  enhanced Petitioner's sentence based on his prior felony conviction despite the fact that a jury
10 had not made a finding with respect to the prior conviction, and (2) Petitioner received
11 ineffective assistance of counsel at trial because trial counsel failed to argue at sentencing
12 that Petitioner had a right to jury determination of aggravating factors. (Answer, Ex. I.) On
13 March 30, 2005, the trial court dismissed the Rule 32 petition. (Answer, Ex. K.)

14 On May 13, 2005, Petitioner petitioned the Arizona Court of Appeals for review of
15 the trial court's dismissal of his Rule 32 petition. (Answer, Ex. L.) In his petition for review,
16 Petitioner argued only that his sentence violated *Blakely*. The Court of Appeals summarily
17 denied review on March 3, 2006. (Answer, Ex. M.)

18 Petitioner petitioned for review to the Arizona Supreme Court; that court summarily
19 denied review on July 7, 2006. (Answer, Exs. N & O.)

20 On November 14, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in
21 federal court. (Doc. No. 1.) Petitioner's Petition presents two claims for relief:

22 1.  **Ground 1:** Petitioner's sentence violated *Blakely* because the trial court enhanced
23     Petitioner's sentence based on his prior felony conviction despite the fact that a jury
24     had not made a finding with respect to the prior conviction;

25 2.  **Ground 2:** Petitioner received ineffective assistance of counsel at trial because trial
26     counsel failed to argue at sentencing that Petitioner had a right to jury determination
27     of aggravating factors.

28

(Petition, pgs. 5-6.)

## **DISCUSSION**

The Magistrate recommends that the Petition be denied because Petitioner has failed to exhaust his state court remedies with respect to Ground 2 and because Ground 1 is without merit.

**A.    Exhaustion**

    **i.    Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court.  28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted).  The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254.  *See Rose*, 455 U.S. at 519.  A petitioner must have also presented his claim in a procedural context in which its merits will be considered.  *See Castille*, 489 U.S. at 351.  A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways.  First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds.  *See Coleman v. Thompson*,

501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### ii.     Ground 2

Petitioner presented Ground 2 in his Rule 32 petition but did not present it in his appeal of that petition to the Arizona Court of Appeals, and therefore Ground 2 was not properly exhausted. *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254); *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999) (stating that claim must be presented to the Arizona Court of Appeals in post-conviction proceedings in order to be exhausted).  Although Petitioner made a brief mention in his petition for review that his "claim[] of ... ineffective counsel [is] valid," (Answer, Ex. L, pg. 4), such a cursory reference does not amount to fair presentation of his claim. *See Anderson*, 459 U.S. at 6 (holding that a claim is "fairly presented" if the petitioner has described the operative facts *and the federal legal theory* on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim). Thus, Ground 2 is procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice, which Petitioner does not assert. *See Coleman*, 501 U.S. at 749-50 (citations omitted; internal quotation marks omitted);

1  *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992).  Accordingly, Ground 2 should be
2  dismissed for failure to exhaust.

### B.  Merits

Petitioner properly presented Ground 1 in his Rule 32 proceedings.  Accordingly, Ground 1 is properly exhausted and the Court will consider the merits of this claim.

#### i.  Standard of Review

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record.  *Wainwright v. Witt*, 469 U.S. 412, 426 (1985).  The presumption of correctness also applies to a state appellate court's findings of fact.  *Sumner v. Mata*, 449 U.S. 539, 546 (1981).  The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process."  *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States.  *Reed v. Farley*, 512 U.S. 339 (1994).  General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158.  The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).  The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir.2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

1 clearly established Federal law, as determined by the Supreme Court of the United States;
2 or (2) resulted in a decision that was based on an unreasonable determination of the facts in
3 light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

4 Under § 2254(d)(1), a state court decision is "contrary to" clearly established
5 Supreme Court precedent "if the state court applies a rule that contradicts the governing law
6 set forth" in Supreme Court cases or "if the state court confronts a set of facts that are
7 materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a
8 result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A
9 state court decision is an unreasonable application of clearly established federal law if "the
10 state court identifies the correct governing legal principle" from a Supreme Court decision
11 "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In
12 considering whether a state court has unreasonably applied Supreme Court precedent, "a
13 federal habeas court may not issue the writ simply because that court concludes in its
14 independent judgment that the relevant state-court decision applied clearly established
15 federal law erroneously or incorrectly. Rather, that application must also be unreasonable."
16 *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we
17 "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19,
18 24 (2002).

19 **ii.    Ground 1**

20 In Ground 1, Petitioner contends that the trial court violated the Sixth Amendment by
21 imposing aggravating prison sentences based on facts not found by a jury as required by
22 *Blakely*.

23 The Supreme Court's holding in *Blakely* is not retroactive to cases where the judgment
24 is final and the case is on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004);
25 *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004). Petitioner's judgment became final
26 on May 11, 2004, when he entered his guilty plea, because he waived his direct appeal rights.
27 Petitioner's case was still considered to be on direct, rather than collateral, review during the

28

- 6 -

time that Petitioner was pursuing post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. *See Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007) (holding that Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A), the AEDPA statute of limitations). *Blakely* was decided on June 24, 2004, before Petitioner's Rule 32 petition was filed. Thus, Petitioner is eligible for retroactive application of *Blakely*.

Applying *Blakely* retroactively to Petitioner's sentence does not help Petitioner's cause. Use of a prior felony conviction as an aggravating factor is permissible under *Blakely*. *See Blakely*, 542 U.S. at 301 ("*other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt." (emphasis added)). Thus, the trial court did violate Petitioner's Sixth Amendment rights when it enhanced Petitioner's sentence based on the prior conviction that he admitted in his plea agreement.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-06-2725-PHX-FJM.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 20th day of June, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge